UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMEN CAMBERO,

       Plaintiff,                                          Hon. Ellen S. Carmody

v.                                                        Case No. 1:06 CV 551

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security terminating Plaintiff's Supplemental Security Income (SSI) benefits. On November 17, 2006, the parties consented to proceed in this Court for all further proceedings, including an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Richard Alan Enslen referred the matter to this Court. (Dkt. #12).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff's disability benefits were properly terminated. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed and this matter remanded for the awarding of past due benefits**.

**STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision, and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). The standard

affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## BACKGROUND

Plaintiff was 63 years of age on the date of the ALJ's decision. (Tr. 17). In 1986 Plaintiff applied for disability benefits and was subsequently found to be disabled as of July 1, 1986. (Tr. 17). The parties do not dispute that Plaintiff continues to be disabled as defined by the Social Security Act. The issue presented in this appeal is not whether Plaintiff is disabled, but instead whether the Commissioner properly withheld - for a period of more than 10 years - Plaintiff's disability benefits.

Plaintiff moved to Grand Rapids, from Massachusetts, in 1982. (Tr. 303-04). On May 23, 1986, a warrant was issued charging "Carmen Cambero" with attempted larceny of property valued over $100. (Tr. 206). According to the warrant, this offense occurred on September 13, 1980.[1] (Tr. 205). This warrant identified Carmen Cambero as residing in Chicago, Illinois. *Id.* The record contains no evidence that this warrant was ever mailed to or otherwise served on Plaintiff. On June 18, 1996, this warrant was re-issued. (Tr. 205). However, the warrant still identified Carmen Cambero as residing in Chicago, Illinois. *Id.* Again, the record contains no evidence that this warrant was ever mailed to or otherwise served on Plaintiff.

---

[1] The record contains no evidence that Plaintiff was aware of this allegation before she moved to Grand Rapids. Moreover, Plaintiff has submitted a July 8, 1982 letter authored by the Lancaster, Massachusetts, Chief of Police stating that as of that date Plaintiff "has no record or Court action pending at this Department." (Tr. 41).

On October 30, 2002, the Commissioner notified Plaintiff that her benefits were being terminated effective August 1996 because she was "fleeing" to avoid "trial on a criminal charge of a felony." (Tr. 23-26). This determination was based upon the determination that "[a] warrant for your arrest was issued on June 18, 1996." (Tr. 23). Pursuant to this decision, not only were Plaintiff's benefits terminated going forward, but she was also directed to repay more than $15,000 in benefits she received from August 1996 through October 2002. (Tr. 174-80).

Plaintiff unsuccessfully appealed this determination, after which she requested a hearing before an administrative law judge (ALJ). (Tr. 29-77). On April 14, 2005, Plaintiff appeared before ALJ Douglas Johnson, with testimony being offered by Plaintiff. (Tr. 295-310). In a written decision dated March 23, 2006, the ALJ determined that Plaintiff's disability benefits had been properly terminated based on the issuance of the June 18, 1996 arrest warrant. (Tr. 17-22). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (Tr. 4-6). Plaintiff then initiated this appeal pursuant to 42 U.S.C. § 405(g). After initiating the present action, Plaintiff obtained a cancellation of her arrest warrant and her disability benefits were restored - going forward - as of December 2006. (Dkt. #15, Exhibits A, C).

The issue presented by Plaintiff's appeal, therefore, is not whether her disability benefits should be restored but instead whether such were properly suspended in the first place. In other words, did the Commissioner properly suspend Plaintiff's disability benefits from August 1996 until December 2006. For the reasons discussed herein, the Court finds that the Commissioner's decision is contrary to law and not supported by substantial evidence. Accordingly, the Court reverses the Commissioner's decision and remands this matter for the repayment to Plaintiff of all past-due benefits which the Commissioner has improperly withheld from Plaintiff.

## ANALYSIS

Federal law defines the eligibility requirements to receive disability payments under the Social Security Act. Relevant to Plaintiff's appeal is the provision that "no person" shall be eligible to receive disability benefits for any month during which the person is:

> fleeing to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the person flees, or, in jurisdictions that do not define crimes as felonies, is punishable by death or imprisonment for a term exceeding 1 year regardless of the actual sentence imposed.

42 U.S.C. § 1382(e)(4)(A).

This particular statute's implementing regulation provides that the suspension of an individual's disability benefits is effective on the first day of the earlier of:

> (i) The month in which a warrant or order for the individual's arrest or apprehension, an order requiring the individual's appearance before a court or other appropriate tribunal (e.g., a parole board), or similar order is issued by a court or other duly authorized tribunal on the basis of an appropriate finding that the individual--
>
> (A) Is fleeing, or has fled, to avoid prosecution as described in paragraph (a)(1) of this section;
>
> (B) Is fleeing, or has fled, to avoid custody or confinement after conviction as described in paragraph (a)(2) of this section;
>
> (C) Is violating, or has violated, a condition of his or her probation or parole as described in paragraph (a)(3) of this section; or

>> (ii) The first month during which the individual fled to avoid such prosecution, fled to avoid such custody or confinement after conviction, or violated a condition of his or her probation or parole, if indicated in such warrant or order, or in a decision by a court or other appropriate tribunal.

20 C.F.R. § 416.1339(b).

The Commissioner has interpreted these provisions to require the termination of disability benefits whenever an arrest warrant is issued for a recipient, even in the absence of evidence that the individual was aware of the warrant's existence or acted to avoid prosecution. *See* Nonpayment of Benefits to Fugitive Felons and Probation or Parole Violators, 70 FR 72411 (Soc. Sec., Dec. 5, 2005) ("[w]e interpret the statutory term 'fleeing to avoid' prosecution, or custody or confinement, to mean that a person has an outstanding warrant for his or her arrest;" thus, "a person is a fugitive felon when an outstanding felony warrant for the person's arrest exists, even if that person is unaware that an outstanding warrant exists"); Social Security Program Operations Manual System (POMS) SI 00530.010 (noting that "[t]he warrant does not have to state that the individual is 'fleeing' for the suspension [of disability benefits] to apply"); Denial of Supplemental Security Income (SSI) Benefits for Fugitive Felons and Probation and Parole Violators, 63 FR 40492 (Soc. Sec., June 30, 2000) (indicating that an individual is deemed to be fleeing to avoid prosecution the moment a warrant is issued for their arrest, regardless whether the individual is aware of the existence of the arrest warrant). Accordingly, notwithstanding the absence of evidence that Plaintiff had fled to "avoid prosecution," Defendant asserts that the more than ten year long suspension of Plaintiff's benefits was proper under the law simply because a warrant had been issued for her arrest.

An agency's interpretation of the provisions governing its activity are entitled to "controlling weight" unless such are "plainly erroneous or inconsistent with the regulation." *Battle Creek Health System v. Leavitt*, - - - F.3d - - -, 2007 WL 2301506 at *7 (6th Cir., Aug. 14, 2007) (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)).  For the reasons discussed below, the Court finds that the Commissioner's interpretation of the applicable provisions (quoted above) is both "plainly erroneous" and "inconsistent."  Accordingly, the Court accords no significance to the Commissioner's interpretation thereof.

As noted above, federal law provides that disability benefits may be suspended or terminated if the recipient thereof is "fleeing to avoid prosecution." 42 U.S.C. § 1382(e)(4)(A).  The term "fleeing," however, is not defined in the statute.  A "fundamental canon" of statutory construction is that, "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."  *United States v. Plavcak*, 411 F.3d 655, 660 (6th Cir. 2005) (citing *Perrin v. United States*, 444 U.S. 37, 42 (1979)).  Moreover, absent evidence to the contrary, "it is appropriate to assume that the ordinary meaning of the language that Congress employed 'accurately expresses its legislative purpose.'"  *Plavcak*, 411 F.3d at 660-61 (quoting *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 164 (1985)).

The Commissioner asserts that the "fleeing to avoid prosecution" requirement is satisfied by the mere issuance of an arrest warrant and requires no evidence of knowledge or intent on the part of the individual who is the subject of the warrant.  Such is not consistent, however, with the ordinary meaning of those words.  Fleeing is defined as acting to "evade arrest or prosecution." Black's Law Dictionary 670 (8th ed. 2004); *see also*, Webster's Third New International Dictionary 868 (3rd ed. 1986) (defining fleeing as acting to escape "justice").  Accordingly, to properly

7

conclude that an individual is "fleeing," there must exist evidence that "the person knows his apprehension is sought." *Fowlkes v. Adamec*, 432 F.3d 90, 96-97 (2d Cir. 2005). Moreover, the statute's inclusion of the words "to avoid prosecution" makes clear that the conduct in question must have been undertaken with a particular intent. *See Fowlkes*, 432 F.3d at 97; *Garnes v. Barnhardt*, 352 F.Supp.2d 1059, 1065-66 (N.D. Cal. 2004).

Thus, a person cannot be said to be "fleeing to avoid prosecution" unless she possessed actual knowledge that authorities sought her apprehension and then acted with the specific intent to avoid apprehension. As noted above, the Commissioner has interpreted this phrase to require the termination of benefits upon the mere issuance of an arrest warrant, even where there exists no evidence that the individual knew that there existed a warrant for her arrest or undertook any action to avoid capture or prosecution. The Commissioner's interpretation, however, relies on an unsupportable definition of "fleeing" and renders superfluous the additional words "to avoid prosecution." As previously noted, the Court need not defer to an interpretation of a provision or word which is contrary to its ordinary meaning. Likewise, no deference is accorded an interpretation of a provision which renders superfluous portions thereof. *See, e.g., United States v. Perry*, 360 F.3d 519, 537 (6th Cir. 2004) (a statute may not be interpreted in a manner that renders superfluous any portion thereof) (citations omitted); *Smith v. Babcock*, 19 F.3d 257, 263 (6th Cir. 1994) (same).

In sum, the Commissioner's interpretation of the phrase "fleeing to avoid prosecution" violates the most basic canons of statutory construction. Furthermore, the Commissioner's interpretation of this language is contrary to the express provisions of the implementing regulation quoted above.

The Commissioner asserts that the Social Security Administration's interpretation of the phrase "fleeing to avoid prosecution" is appropriate because the Administration "reasonably determined that it would be unworkable to litigate the issue of specific intent to avoid prosecution through its administrative adjudication system." (Dkt. #21 at 16). This is not an unreasonable concern. As Defendant observes, the "Administration's administrative tribunals are not criminal courts" and, moreover, proceedings before the Administration's ALJ's are not adversarial in nature. This concern appears to have been considered by the drafters of the aforementioned implementing regulation.

As noted above, this regulation provides that the suspension of an individual's disability benefits is effective on the first day of the earlier of:

> (i) The month in which a warrant or order for the individual's arrest or apprehension, an order requiring the individual's appearance before a court or other appropriate tribunal (e.g., a parole board), or similar order is issued by a court or other duly authorized tribunal on the basis of an appropriate finding that the individual--
>
> > (A) Is fleeing, or has fled, to avoid prosecution as described in paragraph (a)(1) of this section;
> >
> > (B) Is fleeing, or has fled, to avoid custody or confinement after conviction as described in paragraph (a)(2) of this section;
> >
> > (C) Is violating, or has violated, a condition of his or her probation or parole as described in paragraph (a)(3) of this section; or

> (ii) The first month during which the individual fled to avoid such prosecution, fled to avoid such custody or confinement after conviction, or violated a condition of his or her probation or parole, if indicated in such warrant or order, or in a decision by a court or other appropriate tribunal.

20 C.F.R. § 416.1339(b).

Under the express terms of this regulation an arrest warrant may serve as the basis for a termination of benefits only where "a court or other duly authorized tribunal" makes "an appropriate finding" that the individual is "fleeing, or has fled, to avoid prosecution." Thus, the Administration is not required to "litigate the issue of specific intent to avoid prosecution," as the regulation expressly requires that the determination of such be made by "a court or other duly authorized tribunal." Accordingly, the Commissioner's position that the mere issuance of an arrest warrant (unaccompanied by a finding by a court or other competent tribunal that the claimant intended to avoid prosecution) constitutes a sufficient basis to terminate benefits is inconsistent with the express terms of the relevant regulation. Thus, the Commissioner's interpretation of this regulation is entitled to no deference.

Notwithstanding the Administration's interpretation of this regulation, Defendant asserts that the Massachusetts court which issued the warrants at issue in this case did make an "appropriate finding" that Plaintiff had fled to avoid prosecution. Specifically, Defendant asserts that the Massachusetts court issued a "default" warrant for Plaintiff's arrest, which under Massachusetts law establishes "that the wanted person is a fugitive." (Dkt. #21 at 18-19). First, the authority cited by Defendant does not establish that the issuance of a "default" warrant constitutes a finding that the individual in question is fleeing to avoid prosecution. Moreover, even if such were

the case there exists no evidence that the Massachusetts court issued a "default" warrant for Plaintiff's arrest. The warrants issued in this matter each contain various boxes the selection of which identifies the type of warrant being issued. (Tr. 205-06). On each of the warrants, the box for "warrant" is checked whereas the box for "default warrant" was left blank. *Id.*

In sum, for the reasons articulated herein, the Court finds that the Commissioner's interpretation of the statute and regulation pursuant to which Plaintiff's disability benefits were terminated is without merit and, therefore, entitled to no deference. Interpreting the relevant statute and regulation according to their plain meaning compels the conclusion that substantial evidence does not exist to support the Commissioner's lengthy termination of Plaintiff's benefits as there exists no evidence in the record that Plaintiff ever fled to avoid prosecution.

As noted above, Plaintiff moved from Massachusetts to Grand Rapids in 1982, four years *before* the issuance of the initial arrest warrant. Plaintiff asserts that she did not learn of the existence of the warrant for her arrest until notified by the Social Security Administration in a letter dated October 30, 2002, informing her that her benefits were being terminated because she was fleeing to avoid prosecution. (Tr. 301). Defendant has identified no evidence suggesting otherwise. After learning of the existence of the arrest warrant Plaintiff attempted to resolve the matter. She was unable to travel to Massachusetts, however, due to her deteriorating health. (Tr. 183, 185). Moreover, the State of Massachusetts determined that it would not extradite Plaintiff. (Tr. 165).

In sum, Plaintiff was unable to travel to the jurisdiction which issued the warrant for her arrest (long after she moved therefrom) and that jurisdiction determined to not seek extradition. In such a circumstance, there does not exist substantial evidence that Plaintiff acted with the intent to avoid prosecution. *See Blakely v. Commissioner of Social Security*, 330 F.Supp.2d 910, 913-14

11

(W.D. Mich. 2004).  Several years after Blakely moved from Montana to Michigan he learned that a Montana court had issued a warrant for his arrest.  *Id.* at 911.  However, Blakely was unable to return to Montana due to ill health and Montana refused to extradite him.  Nonetheless, the Social Security Administration terminated Blakely's benefits on the ground that he was "fleeing to avoid prosecution."  *Id.*  The court reversed this determination, finding that (as discussed above) the relevant statute contained an intent requirement which had not been satisfied because there existed no evidence that the claimant had acted to avoid prosecution.  *Id.* at 912-14.

The Court finds the rationale articulated by the *Blakely* court (and the other decisions cited above) persuasive and consistent with both the plain text of the statute and regulation, as well as the rules of statutory construction.  Furthermore, the record does not contain substantial evidence supporting the Commissioner's conclusion that Plaintiff was "fleeing to avoid prosecution" as that term is appropriately understood.  Accordingly, the Commissioner's decision is reversed and this matter is remanded for an award of appropriate past-due benefits.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is contrary to law and not supported by substantial evidence.  Accordingly, the Commissioner's decision is **reversed and this matter is remanded for an award of past-due benefits**.  A judgment consistent with this opinion will enter.

Date:  September 10, 2007         /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge